UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――X

In re:

INTEGRATED STRUCTURES CORP.                                 Chapter 11

      Debtor.                                 Case No.: 15-12703 (SMB)

―――――――――――――――――――――――――X

## DECLARATION OF ALAN B. PEARL, ESQ. IN OPPOSITION OF FUNDS' THE EMERGENCY MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY

Alan B. Pearl, Esq. declares under the penalty of perjury:

1. This office is co-counsel with Frank M. Graziadei representing Defendant Integrated Structures, Corp., in case number 11-cv-8975.

2. I submit this declaration in opposition to the motion seeking relief from the automatic stay filed today, October 5, 2015, by Counsel for the New York City District Council of Carpenters Benefit Fund.

3. At approximately 1:45 p.m. this afternoon, I received a copy of an emergency motion and declaration of Adam Arthur Biggs in support of his motion seeking relief from the automatic stay pursuant U.S.C. §362 (d)(1). The carpenter Fund's ask this court to permit an action pending before Judge Katherine B. Forrest to proceed. I disagree that an emergency application is necessary and Integrated's bankruptcy counsel, Gabriel Del Virginia, Esq. will appear to argue in opposition to the motion at the designated date and time.

4. I am a member of the bar of this Court and I declare the following to be accurate and truthful:

  a. Plaintiff's counsel misstates trial counsel's advice concerning the filing of the bankruptcy petition. In point of fact, I told Judge Forrest at the court conference held on Thursday October 1st at 2:00 p.m. that it was likely that Integrated would file a bankruptcy petition on

1

Friday October 2nd. The Court conference lasted almost one hour and in point of fact Judge Forrest did not spend time "holding hearings" on this case, as Plaintiff's counsel would have this court believe. The Carpenter's first summary judgment motion was submitted on papers by all parties. The district court decision as noted by Mr. Biggs was reversed by the Second Circuit Court of Appeals. Their second summary judgment motion was submitted and was so wanting in merit, that Judge Forrest advised counsel for Plaintiff **not to file any reply papers** as they were unnecessary. Thus the second summary judgment motion was denied and the matter was then set down for depositions and ultimately for a trial date. No other motions were submitted to Judge Forrest that Mr. Biggs refers to in paragraph "8" of his declaration. In fact, Mr. Biggs would not know this as he was recently assigned to the case by his firm.

b. Recitation of the facts of the first summary judgment decision is inappropriate for it is a nullity. Any reference to the facts contained in it is prejudicial and probably submitted, in my opinion to gain favor with the court to view the case more favorably to Plaintiffs than to Integrated.

c. I take umbridge with the fact that counsel alleges that we delayed Friday's deposition so as to avoid Mr. Lee appearing for a continued deposition. In fact, It was Plaintiff's counsel who agreed to have the short deposition of Mr. Rexon occur first, followed by Mr. Lee's deposition. Mr. Biggs' email of Thursday evening comports with my understanding of the facts. (See Exhibit A) Any delay in having Mr. Lee testify on Friday is directly attributable Mr. Biggs unwanted and unnecessary extension of Mr. Rexon's testimony that started at 10:00 a.m. Mr. Lee was present at 10:00 a.m.

d. Facts in the motion that allege corporate impropriety should be administered by the bankruptcy court not the District Court in the first instance.

Bankruptcy counsel for integrated will argue that this case isn't entitled to emergency relief status as the Carpenter's Fund is but one of many creditors who should be entitled to notice upon any application by one creditor to gain advantage over another.

5. I submit this declaration urging the court to permit a full briefing on the matter so that the Court has a full record before it when considering this extraordinary application by this general creditor.

Dated: October 5, 2015

Alan B. Pearl, Esq.

*/s/ Alan Pearl*

Co-Counsel for Integrated Structures, Corp.

CC:    Adam Arthur Biggs, Esq.
       Via email: abiggs@vandallp.com

## Alan B Pearl

| | |
|---|---|
| **From:** | Adam Biggs <abiggs@vandallp.com> |
| **Sent:** | Thursday, October 01, 2015 10:54 PM |
| **To:** | Alan B Pearl |
| **Cc:** | 'f g' |
| **Subject:** | Deps Tomorrow |
| **Categories:** | Yellow Category |

Gentlemen,

I just finished up my prep for tomorrow. It appears that Mr. Rexon's examination may not be very long. Just to keep things moving, will you please ensure Mr. Lee is here when we begin.

Thanks.

Adam A. Biggs
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
abiggs@vandallp.com
T 212 943 9080 | F 212 943 9082 | website



---

IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (1) avoiding penalties under the Internal Revenue Code, or (2) promoting, marketing or recommending to another party any tax advice addressed herein.

This e-mail (including any attachments) may be a privileged attorney-client communication and/or may contain privileged and confidential information intended only for the use of the individual(s) named above. If you are not an intended recipient of this e-mail, or the employee or agent responsible for delivering this to an intended recipient, you are hereby notified that any dissemination or copying of this e-mail or disclosure of the information contained in this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (212) 943-9080 or by e-mail reply.